**UNITED STATES of America**

v.

**Craig A. CLONINGER.**

**Crim. No. 80–71(7).**

United States District Court,
E. D. Pennsylvania.

Oct. 17, 1980.

Elizabeth Ainslie, Curtis E. A. Karnow, Alfred A. Gollatz, Asst. U. S. Attys., Philadelphia, Pa., for government.

William J. Winning, Philadelphia, Pa., for defendant.

### MEMORANDUM AND ORDER

TROUTMAN, District Judge.

In January 1979 defendant Cloninger received a subpoena requiring his presence before a federal grand jury sitting in Philadelphia. Pursuant to an agreement of counsel, Cloninger's trip from his North Carolina home was postponed by a week. Confirming this change in plans, Cloninger's former attorney wrote to the Assistant United States Attorney that his client "still under subpoena for the Grand Jury" would be "depose[d] . . . rather than submit[ted] . . . to the Grand Jury". Upon his arrival in the Eastern District of Pennsylvania, Cloninger's sworn statement was taken "for the convenience of all the parties" in the Assistant United States Attorney's office "on behalf of the Federal Grand Jury". The Government attorney explained that the deposition would "be considered for all purposes to be as if it were before the Federal Grand Jury" and questioned the defendant whether he understood his rights "in front of the Grand Jury". After receiving an affirmative answer the Assistant stated that Cloninger was appearing "pursuant to [a] subpoena" and that his testimony could be used against him "by the Grand Jury".

Defendant Cloninger and other defendants who orally joined in this motion during argument in open court contend that these excerpts from Cloninger's "deposition" transformed the session into a grand jury "proceeding" imbued with the safeguards provided by Fed.R.Crim.P. 6(d), which provides in relevant part that

[a]ttorneys for the government, the witness under examination, interpreters when needed and, for the purpose of taking the evidence, a stenographer or operator of a recording device may be present while the grand jury is in session, but no person other than the jurors may be present while the grand jury is deliberating or voting.

Moving defendants complain that the "unauthorized" presence of the FBI agent and defense counsel irremediably tainted the proceeding. In *United States v. Phillips Petroleum Co.*, 435 F.Supp. 610 (N.D.Okla. 1977), the court dismissed an indictment where an irregular evening session of the grand jury had been conducted in the office of an Assistant United States Attorney and that "unauthorized" persons attended. Importantly, exculpatory statements elicited from a key government witness after a full day of damaging testimony were *not* presented to the grand jury, notwithstanding the Government's representation that the "evening session" would be considered a part of the grand jury proceeding and that the grand jury would have complete access to that testimony. The prosecutorial misconduct warranting dismissal of the indictment in *Phillips* amounted to "a cumulation of established indiscretions attributable to the ... prosecutor". *See United States v. Deerfield Specialty Papers*, 501 F.Supp. 796, 806 (E.D.Pa.1980).

In the case at bar defendants have not alleged that the Government elicited exculpatory statements from the witness and then withheld them from the grand jury's consideration. Acknowledging this lack of overreaching by the Government, moving defendants nevertheless seek dismissal and argue that the standard to test the legality of the "presence" of persons at a grand jury proceeding is clearly defined in the rule and that a deposition or sworn interview which purports to be taken "for all purposes as if it were before a grand jury" is, *in fact*, a grand jury "proceeding" requiring full compliance with Rule 6(d). We disagree.

*United States v. International Paper Co.*, 457 F.Supp. 571 (S.D.Tex.1978) rejected a similar argument and observed that *"Phillips* was essentially a one witness case", *id.* at 574, where only incriminating and none of the exculpatory statements of the "pivotal witness" were placed before the grand jury. *Id.* at 574. The *International Paper* court further reasoned that statements of the Assistant United States Attorney which allegedly transformed the interview into a grand jury "proceeding" were "trappings" designed merely to insure the truthfulness of the witness' testimony. *Id.* at 575.

As Cloninger's former attorney noted, Cloninger was "deposed" rather than "submitted" to the grand jury. This acknowledgement not only evidences the fact that Cloninger's former attorney (and presumably Cloninger himself) knew that the deposition was not a grand jury "proceeding", but it also indicates a willingness on the Government's part to cooperate with defense counsel, a marked contrast to the prosecutorial overreaching and "cumulation of established indiscretions" permeating *Phillips. See United States v. Deerfield Specialty Papers, supra.* Furthermore, unlike *Phillips*, currently before the Court is a complex case involving twenty-one original defendants charged with participation in a conspiracy spanning a number of years and reaching into states from Pennsylvania to California and Michigan to Alabama. Simply stated, there is no "pivotal" or prime witness whose key testimony was withheld from the grand jury. Even if such a "pivotal witness" exists, it is unlikely that defendant Cloninger is that witness. Therefore, even assuming that the Government elicited exculpatory statements from Cloninger and withheld them from the grand jury's consideration, this conduct did not unfairly or irredeemably distort the grand jury process.